Cohn, J.
By leave of the Appellate Term, defendant Eleaser A. Springer, appeals from an order of the Appellate Term reversing by a divided court an order of the City Court and a judgment entered thereon dismissing plaintiff’s complaint and granting defendant’s motion for summary judgment under rule 113 of the Rules of Civil Practice.
On November 2, 1931, defendant executed and delivered his bond under seal whereby he agreed to pay the sum of $3,750 in installments in three years and as collateral security for the payment thereof he executed and delivered a mortgage on real property. The bond and mortgage were subsequently assigned to plaintiff. Defendant defaulted in making payments thereon on April 2,1934.
The mortgage given as collateral security for the bond was subordinate in lien to a first mortgage. In September, 1935, an action was commenced to foreclose the first mortgage and the property was sold pursuant to the judgment of foreclosure. Plaintiff having been made a party defendant in the foreclosure action, the lien of his mortgage was extinguished. The obligation on the bond remained.
On January 11,1946, plaintiff commenced this action to recover on the bond. As a complete defense, defendant pleaded section *371 47-a of the Civil Practice Act which became effective on September 1, 1938. Before that date, the Statute of Limitations in an action on a sealed instrument was twenty years (Civ. Prac. Act, § 47). The new section 47-a (added L. 1938, cli. 499 as amd. by L. 1941, ch. 329) provides: “ Actions on bonds and/or mortgages secured by real property to be commenced within six years. 1. An action upon a bond, the payment of which is secured by a mortgage upon real property, or upon a bond and mortgage so secured, or upon a mortgage of real property, or any interest therein, must be commenced within six years after the cause of action has accrued.” This section also provides that for any existing bond and mortgage the time within which an action must be commenced would be limited to a period of six years from the date when the statute took effect unless the bond and mortgage accrued prior to the six-year time.
Based on this defense, the defendant moved to dismiss the complaint and for summary judgment. Defendant claimed that more than six years had run since September 1, 1938, and that this action was barred by the new Statute of Limitations.
In reversing the judgment and order of the City Court, the Appellate Term held that section 47-a of the Civil Practice Act was not applicable because the bond herein was not, on September 1, 1938 (the date when section 47-a became effective), secured by a mortgage on real property since the mortgage had been extinguished by the earlier foreclosure action.
We think that section 47-a of the Civil Practice Act was enacted to relate to actions on a certain class of bonds, namely, those given in connection with a mortgage. The original transaction rather than what subsequently occurred determines whether the section applies. The destruction of the security-subsequent to the delivery of the instrument has no bearing upon the time limited by law for the commencement of the action. We hold that plaintiff’s action is barred by section 47-a of the Civil Practice Act.
The determination of the Appellate Term should be reversed and the order of the City Court affirmed, with $20 costs and disbursements to the appellant in this court, and $10 costs in the Appellate Term.
Callahan, Peck and Van Voorhis, JJ., concur.
Determination of the Appellate Term unanimously reversed and order of the City Court affirmed, with $20 costs and disbursements to the appellant in this court, and $10 costs in the Appellate Term. Settle order on notice. [See post, p. 1004.]